NOT DESIGNATED FOR PUBLICATION

No. 120,393

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RYAN DOUGLAS HOWSER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed June 21, 2019. Affirmed.

Submitted for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h).

Before MALONE, P.J., GREEN and BRUNS, JJ.

PER CURIAM: Ryan Douglas Howser appeals the district court's decision revoking his probation and requiring him to serve his underlying sentence. On Howser's motion, we accepted this appeal for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). Based on our review of the record, we find no error in the decision to revoke Howser's probation and ordering him to serve his underlying sentence.

After entering into a plea agreement, Howser was convicted of one count of nonresidential burglary and two counts of theft. On February 24, 2017, he was sentenced to a prison term of 33 months to be followed by postrelease supervision for a period of 12 months. However, the district court suspended Howser's sentence to 24 months'

1

probation. On September 10, 2018, Howser admitted that he had violated the terms of his probation by being convicted of a new felony while on probation in this case.

On appeal, Howser contends that the district court erred in revoking his probation and ordering him to serve his underlying sentence. Because it is undisputed that Howser committed a new crime, no intermediate sanctions were required and we review the record on appeal under an abuse of discretion standard. See K.S.A. 2018 Supp. 22-3716(c)(8)(A); *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Judicial discretion is abused if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Jones*, 306 Kan. 948, 957, 398 P.3d 856 (2017).

Based on our review of the record, we find no error of fact or law. Rather, we find that the district court's decision was reasonable under the circumstances presented. Because intermediate sanctions were not required in light of the fact that Howser committed a new crime, we find that the district court acted within its sound discretion in revoking his probation and in imposing his underlying sentence. Moreover, Howser has offered no reason for us to find that the district court abused its discretion. Thus, we affirm the district court's decision.

Affirmed.